[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13443
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-00031-CR-WTM-GRS-3-6,
08-00063 CR-WTM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY L. EVERETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 16, 2010)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

In June 4 2008, Jimmy L. Everett pled guilty to one count of a multi-count

indictment, Count 6, which charged him with trafficking a vehicle with an altered vehicle identification number, and on June 28, 2008, Everett pled guilty to one count of a multi-count indictment, Count 13, which charged him with bank fraud. On June 24, 2009, the district court sentenced him to concurrent prison terms of 108 months on Count 6 and 110 months on Count 13. He now appeals the sentence he received on Count 6, claiming that it is both procedurally and substantively unreasonable.[1]

A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines sentence range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence, including an explanation for any deviation from the sentence range. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). Everett contends that the Count 6 sentence is procedurally unreasonable because the district court misapplied U.S.S.G. §§ 2B1.1 and 3B1.1. We are not persuaded.

As noted above, Count 6 was part of a multi-count indictment. Count 1 charged Everett and 22 others, allegedly members of an auto-theft ring, with conspiring to traffick in vehicles with altered vehicle identification numbers.

_____

[1] Everett's opening brief contains no argument relating to the sentence the court imposed on Count 13.

Count 6 was one of three substantive trafficking offenses with which Everett was charged. In calculating the total offense level for Count 6 under the Sentencing Guidelines, the district court enhanced the base offense level by 14 levels pursuant to U.S.S.G. § 2B1.1 based on the $801,419.39 intended loss attributable to Everett's participation in the auto theft ring, instead of the $332,450.54 actual loss.

Everett argues that the court erred in considering the intended loss instead of the actual loss, that a sentencing court should not be permitted to consider the intended loss when a precise actual loss calculation is readily available. The Guidelines define "actual loss" as the "reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, comment. (n.3(A)(i)). "Intended loss" is "the pecuniary harm that was intended to result from the offense," and "includes intended pecuniary harm that would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1, comment. (n.3(A)(ii)). The Guidelines specify that loss equals the greater of actual loss or intended loss. U.S.S.G. § 2B1.1, comment. (n.3)(A).[2]

---

[2] We have upheld consideration of intended loss when enhancing a sentence under § 2B1.1, even where precise actual loss calculations are available. *See United States v. Willis*, 560 F.3d 1246, 1248-50 & n.6 (11th Cir. 2009) (affirming a 14-level enhancement based on intended loss of $524,000 when there was available evidence that the victim's actual loss was $79,607.45).

In this case, therefore, the district court committed no error in enhancing the base offense level for the intended loss as opposed to the actual loss. Having reached this conclusion, we turn to Everett's argument that the court committed procedural error by misapplying U.S.S.G. § 3B1.1 in finding that he was a "leader" of the auto theft ring.

Where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the court must increase the base offense level by four levels. U.S.S.G. § 3B1.1(a). Where "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," a three-level enhancement applies. *Id.* § 3B1.1(b).

The commentary to § 3B1.1 states that, in distinguishing a leadership and organizational role from one of mere management or supervision," the court should consider: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). The commentary further states that "[t]here

4

can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." *Id.*

The record shows that Everett both participated in, and exercised authority over, nearly every aspect of the auto theft ring. Moreover, he failed to object to many of the factual findings underlying these points prior to or at the sentencing hearing. Having considered these facts and the factors set forth in the commentary to § 3B1.1, we conclude that the district court did not err in applying a four-level leadership enhancement for Everett's role in the auto theft ring.

In sum, because the district court properly calculated the Guidelines sentence range, treated the Guidelines as advisory (not mandatory), had a sound factual predicate on which to base its sentence, fully considered the § 3553(a) factors and explained the sentence it chose to impose, Everett's Count 6 sentence is not procedurally unreasonable.

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). Pursuant to § 3553(a), the district court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2), namely, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the

offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

It is clear from the sentencing record before us that the district court intended that the Count 6 sentence achieve the sentencing objectives of § 3553(a)(2), in particular the objectives set forth in § 3553(a)(2)(A),(B), and (C). We therefore find nothing in the record supporting Everett's claim that the Count 6 sentence is substantively unreasonable.

AFFIRMED.